William Dougherty, Appellant, *v.* Hazleton Zoning Hearing Board, Appellee.

Argued March 31, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., ROGERS and BLATT. Judge MENCER did not participate.

*Edmund J. McCullough,* for appellant.

*James S. Palermo,* for appellee.

OPINION BY JUDGE KRAMER, August 4, 1975:

This is an appeal filed by William Dougherty (Dougherty) from an order of the Court of Common Pleas of Luzerne County dated June 27, 1974, in which the City of Hazleton's motion to dismiss the appeal of Dougherty was granted.

On February 5, 1973, the City of Hazleton (City) obtained title to certain land here in question, by deed duly recorded February 13, 1973. The land is a lot approximately 20 feet by 36 feet, zoned M-1 (Mining District) by the City's zoning ordinance. The lot is situated across a public street from residential dwellings (located in a commercial zone), one of which is owned by Dough-

erty. Although not clear in the record, apparently the Hazleton Animal Shelter Association (Association), which is a nonprofit corporation, the primary purpose of which is to effectuate humane treatment for lost and unwanted animals, has collected funds sufficient for the erection of an animal shelter. Although the M-1 district regulations make no provision for municipal uses, the Association entered into an agreement with the City to erect the shelter on the subject land. On March 6, 1973, the zoning administrator for the City approved a "zoning permit" for the Association for the construction of said shelter. Dougherty filed an appeal with the Zoning Hearing Board on March 20, 1973, contending that under the zoning ordinance such construction was not a permitted use. On March 26, 1973, the governing body of the City adopted a resolution accepting the Association's offer to build the shelter on City property. Subsequently, on April 24, 1973, the governing body adopted an ordinance which incorporated the March 26 resolution, and, in addition, consented to the erection of the shelter, declared that the shelter would be maintained and operated with City funds, and repealed all inconsistent ordinances or resolutions.

On April 25, 1973, a hearing was held before the Zoning Hearing Board. On May 10, the Planning Commission of the City approved the construction of the shelter, and on May 11th, the Luzerne County Planning Commission approved same. On June 7, 1973, the Zoning Hearing Board dismissed Dougherty's appeal, concluding it did not have jurisdiction over the matter. On July 5, 1973, Dougherty filed an appeal with the court below, the City intervened, and on March 25, 1974, the lower court issued an order dismissing Dougherty's appeal on the same grounds, after receiving some additional documentary evidence.

In his appeal to this Court, Dougherty contends that the City is subject to its own zoning ordinance and, there-

fore, the "zoning permit" could not have been issued without following all the procedural requirements of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P:L. 805, *as amended,* 53 P.S. §10101, et seq. In particular, Dougherty contends that the City's amendatory ordinance of April 24, 1973, which undoubtedly made the proposed shelter a permitted use in all respects, is ineffective because it was adopted without compliance with section 303 of the MPC, 53 P.S. §10303.

The City argues that the construction of the animal shelter is a "municipal use" by virtue of provisions of the Dog Law of 1965, Act of December 22, 1965, P.L. 1124, 3 P. S. §§460-301, and section 2403 of the Third Class City Code, Act of June 13, 1931, P.L. 932, *as amended,* 53 P.S. §37403(8). The City then cites *Lees v. Sampson Land Company,* 372 Pa. 126, 92 A. 2d 692 (1952) and *Sheets v. Armstrong,* 307 Pa. 385, 161 A. 359 (1932) as holding that a municipality is not bound by its own zoning ordinance when it seeks to establish a "municipal use" within its own boundaries.

In *Lees* the defendant offered to build a sewage treatment plant on its own property at its own expense, and, upon completion, to deed it over to the municipality for operation and maintenance as part of a public municipal sewer system. Neighboring landowners objected to the erection of the plant and contended that the Township's zoning ordinance prohibited such use in a residential district even if the use was construed to be "municipal." In holding that the municipality could abrogate its zoning ordinance for a proper municipal use, the Court said:

"[E]ven if the zoning ordinance did not specifically permit a use of the land in question for municipal purposes, the township could still operate the proposed plan for the people's welfare. In Sheets v. Armstrong, 307 Pa. 385, 161 A. 359 [1932] an attempt was made to enjoin the Allegheny County commissioners from purchasing a tract of land within the

limits of the City of Pittsburgh for the purpose of erecting thereon an auditorium, since, it was argued, the City zoning ordinances did not permit such a use. In authorizing the acquisition of the land, the City had by ordinance consented to the erection of the auditorium in question. This Court held that 'the effect of this enactment was to abrogate the zoning ordinance so far as this property is concerned.' " 372 Pa. at 130, 92 A. 2d 694-95.

*See also Kelly v. Philadelphia,* 382 Pa. 459, 115 A. 2d 238 (1955) and *Kress Box Co. v. Pittsburgh,* 333 Pa. 121, 4 A. 2d 528 (1939).

It is true that section 609 of the MPC, 53 P.S. §10609, requires that certain steps be taken by a municipal governing body prior to its "amending" a zoning ordinance, and that the record in this case indicates that certain provisions of section 609 may not have been followed by the City.[1] We also note, as Dougherty points out, that the *Lees, Sheets* and *Kelly* cases, *supra,* were all decided prior to the enactment of the MPC and thus before the effective date of the provisions which Dougherty claims the City has violated. Contrary to the City's contention, we agree

---

1. Our examination of the record reveals two possible shortcomings on the City's part. First, with respect to the involvement of the local planning agencies, it appears that the statutory requirement that the proposed "amendment" be submitted at least 30 days prior to a public hearing on its content, has been violated. The record contains letters of approval from the Luzerne County Planning Commission and the Hazleton Planning and Zoning Commission, dated May 11, and May 21, 1973, respectively. The amendatory ordinance was passed on April 24, 1973. The record does not reveal the dates on which the two Commissions were advised of the animal shelter proposal, but from the above it appears at least doubtful that the information was transmitted within the 30 days preceding the adoption of the ordinance.

With regard to the second procedural irregularity, there is nothing in the record to indicate that the public notice provision of Section 610 of the MPC, 53 P.S. §10610, was followed.

with Dougherty that these cases did not hold that a municipality is "exempt" from its own zoning ordinance, but rather that a municipality, as the creator of its own zoning regulations, may *ultimately* avoid any self-imposed restrictions as they apply to municipal activity.

To summarize on this point, a municipality has the ultimate legislative power to provide for a municipal use anywhere within its boundaries, but if such use requires an adoption or amendment to its zoning ordinance, it must fully comply with the provisions of the MPC. In other words, the principles of *Lees, Sheets* and *Kelly, supra,* are still applicable, but since the adoption of the MPC, there are procedural requirements which must be met.

Municipalities have been and still are subject to all relevant acts of the General Assembly, including the MPC, which now prescribes certain procedural steps which must be taken prior to the change of local zoning regulations. The mere fact that the City can, consistent with its view of the public interest, ignore the Planning Commission's comments on the proposal or the protests of affected landowners does not mean that the City can ignore the MPC and deny these parties their legislatively mandated input into the decision-making process. Accordingly, we must hold that the City's attempt to graft a municipal use provision to the M-1 district in question, by repealing all ordinances inconsistent with the construction of an animal shelter, is subject to all of the provisions of the MPC relating to the amendment of zoning ordinances.

Having determined that the MPC is applicable to the instant case, we must note that our review of the record compels us to conclude that Dougherty, as protestant, has run afoul of section 1003 of the MPC, 53 P.S. §11003, in pursuing his appeal. Section 1003 requires that challenges to the validity of an ordinance, when based upon procedural grounds, be taken directly to the court of common pleas within 30 days of the effective date of the ordinance.

Dougherty appealed to the Zoning Board, and thence to court on July 5, 1973. Section 1015 of the Third Class City Code, 53 P.S. §36014, provides that the effective date of any ordinance, unless otherwise provided, is the tenth day after adoption by the City Council. Thus, in the instant case, Dougherty's last day to appeal to the lower court was June 4, 1973, and Dougherty's purely *procedural* attack on the amendatory ordinance is itself procedurally, and fatally, defective. Accordingly, the order of the lower court must be affirmed.