542 A.2d 641

Pearl Eibs, Appellant *v.* Zoning Board of Adjustment of The City of Pittsburgh and John G. Kaufer, Appellees.

Submitted on briefs February 1, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Albert G. Feczko, Jr., Feczko and Seymour,* for appellant.

No appearance for appellees.

OPINION BY SENIOR JUDGE BARBIERI, June 9, 1988:

Pearl Eibs (Appellant) appeals an order of the Allegheny County Court of Common Pleas affirming the decision of the Zoning Board of Adjustment of the City of Pittsburgh (Board), which granted a variance to John G. Kaufer.

In December of 1984, Kaufer appealed to the Board from a decision by the Zoning Administrator for the City of Pittsburgh (City) that the application for a building permit at 437 Bailey Avenue failed to comply with the lot area, rear yard and side yard setbacks required by the City's zoning ordinance.

Kaufer originally proposed to erect a row of five townhouses, each with a two car integral garage, on a lot measuring 50 feet by 200 feet. The property abuts

Grandview Park on one side and Appellant's residence on the other side.[1] The property is zoned R3 and the proposed use as a multiple family dwelling is a permitted one.

The Board held a hearing on January 3, 1985, to consider the requested variances. Appellant and other neighboring property owners testified at the hearing and expressed opposition to the proposed development.

Complying with a request by the Board, Kaufer submitted a revised plot plan for a four-unit structure which eliminated the need for the lot area and rear yard variances. The Board was left with the issue of whether to grant the side yard variances. The zoning ordinance requires 30 foot side yards for the type of structure proposed. Kaufer's revised plan showed a 25 foot side yard on the side abutting Appellant's property and no side yard on the side abutting Grandview Park. The proposed development would extend to the edge of the property line between 437 Bailey Avenue and Grandview Park.

In a decision dated April 4, 1985, the Board concluded that the four-unit multiple family dwelling would not be detrimental to the abutting properties or the neighborhood, that the side yard variances requested were minimal and that to deny these variances would be to subject Kaufer to an undue hardship. The Board thus granted the side yard variances and Appellant appealed to the trial court.

The City owns Grandview Park, and as a neighboring property owner was entitled to notice of the Board's January 3, 1985 hearing. For some reason the City did not receive such notice and Appellant filed a motion with the trial court requesting an additional hearing at

---

[1] Appellant owns the double family dwelling situated next to 437 Bailey Avenue.

which the City's representatives could testify. By order dated October 30, 1985, the trial court remanded the matter to the Board for a hearing for this purpose. The Board held another hearing on February 20, 1986, at which representatives of the City Parks Department and the Planning Commission testified. The Board made no further findings and did not issue a second decision but by order of the trial court dated July 10, 1986, filed the certified record of the proceedings with the court.

In the opinion accompanying its order of August 28, 1986, sustaining the decision of the Board, the trial court stated that after the February 20, 1986, remand hearing, the Board did not change its decision but reaffirmed the grant of the requested variance.

On appeal to this Court, Appellant contends that the trial court erred by failing to either consider the appeal *de novo* or order the Board to make additional findings and to issue a second decision after the remand hearing. Appellant further contends that the grant of the variance is invalid because the Board failed to vote on the variance at a public meeting and that the property owner failed to prove his entitlement to a variance.

Our scope of review in zoning cases depends on whether the trial court considered additional evidence that was not before the Board. If the trial court did not hear the matter *de novo,* our scope of review is limited to a determination of whether the *Board* abused its discretion. However, if the trial court heard the matter *de novo,* we are limited to a determination of whether the *court* below committed an abuse of discretion or error of law. *Boron Oil Co. v. Baden Borough,* 6 Pa. Commonwealth Ct. 583, 297 A.2d 833 (1972). A careful review of the record in this case reveals that there was a misunderstanding between the Board and the trial court as to the exact nature of the remand.

Pursuant to Section 1010 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11010, if a trial court hearing an appeal of zoning matter determines that additional evidence is necessary, it may: hold a hearing to receive additional evidence; appoint a referee to receive additional evidence; or remand to the body, agency, or officer below.

By order dated October 30, 1985, the trial court *remanded* the matter to the Board for it to take additional testimony from the City's representatives. At the hearing on February 20, 1986, Appellant's counsel and the chairman of the Board expressed confusion over the nature of the remand. Counsel for Appellant indicated that it was his understanding that the trial court was remanding to the Board for it to take additional evidence, make additional findings and issue a second decision.[2] The chairman was of the opinion that the Board was simply taking additional evidence on behalf of the trial court and that jurisdiction was still in the Allegheny County Court of Common Pleas.[3] Therefore, the Board did not make findings based on the evidence received at the remand hearing and did not issue any other decision of record after its April 4, 1985, decision granting the side yard variances. The trial court ordered the Board to certify the record to it by July 15, 1986. In the opinion accompanying its order of August 28, 1986, the trial court states that upon remand the Board reaffirmed its decision to grant the variance. The trial court further states that *it* did not take additional evidence and therefore cannot disturb the findings of the Board, which are supported by substantial evidence.

---

[2] Notes of Testimony from February 20, 1986, hearing before the Board (N.T.) at 26.

[3] N.T. at 24-26.

The Board upon remand was required to consider the additional evidence taken and issue a second decision either granting or denying the variances requested. As neither the Board nor the trial court considered the additional evidence and testimony presented at the remand hearing, we are unable to properly exercise our appellate review of the issues which Appellant raises. We are therefore constrained to remand this matter to the trial court for it to order the Board to consider the evidence presented at the February 20, 1986, hearing and issue a decision based upon the entire record before it.[4]

In light of the foregoing reasoning, we need not address the other contentions which Appellant raises.

## ORDER

AND NOW, this 9th day of June, 1988, the order of the Allegheny County Court of Common Pleas dated August 28, 1986, at No. S.A. 710 of 1985, is vacated. The matter is remanded to said court for the entry of an order directing the Zoning Board of Adjustment of the City of Pittsburgh to consider evidence and testimony presented before it at the remand hearing of this case on February 20, 1986, and to enter an appropriate decision based on the entire record before it.

Jurisdiction relinquished.

---

[4] We further note that the parties never submitted a copy of the pertinent provisions of the City's zoning ordinance to the trial court.