**MUHLENBERG COLLEGE, Appellant,**

v.

**ZONING HEARING BOARD OF THE CITY OF ALLENTOWN and City of Allentown.**

Commonwealth Court of Pennsylvania.

Argued Oct. 6, 1999.
Decided Aug. 11, 2000.
Reconsideration Denied Oct. 23, 2000.

Maxwell E. Davison, Allentown, for appellant.

Francis P. Burianek, Allentown, for appellee.

Before DOYLE, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH, Judge, KELLEY, Judge, FLAHERTY, Judge, and LEADBETTER, Judge.

FLAHERTY, Judge.

Muhlenberg College (Muhlenberg) appeals from an order of the Court of Common Pleas of Lehigh County (trial court) affirming the decision of the Zoning Hearing Board of the City of Allentown (Board) which determined that Ordinance 13607, which created a "Student Residence Overlay District Zone" (student zone) and prohibited more than two students from living together in a dwelling unit in an area immediately surrounding Muhlenberg campus, was valid, does not discriminate against students, was properly enacted and does not constitute spot zoning. We reverse.

Muhlenberg is a private, non-profit, liberal arts college located in the City of Allentown (City). Muhlenberg expanded

its student body in 1997–98 from 1600 to 1847 and expects an additional 25 to 30 students per year for the foreseeable future. In the 1990's Muhlenberg did not construct sufficient housing to accommodate the increase in enrollment. Muhlenberg is in an area designated I–G, Industrial/Governmental.

The area abutting Muhlenberg's campus is zoned Medium and Low Residential and consists of single family detached, twin and townhouse residential units. From 1986 to the present, 37 residential properties were bought and converted to college related uses. One half of these properties were acquired by Muhlenberg, while the other half where acquired by private investors. Both Muhlenberg and the private investors have been placing 3 to 4 students in each residential unit. Over the past few years, residents have noticed increased traffic and parking problems, late night parties, etc.

In 1997, an amendment to the Zoning Code was drafted which would prohibit more than 2 students from living together in a single family or multi-family attached dwelling. The proposed "Student Residence Overlay District Zone" would surround Muhlenberg's campus. The amendment was first introduced as bill 59–1997 on July 16, 1997. After passing through various stages, bill 59–1997 was defeated by City Council on September 17, 1997 by a vote of three to three.

On October 1, 1997, at Council's next meeting, an attempt to have bill 59–1997 reconsidered failed as no member of Council who voted to defeat the bill moved to reconsider the bill. However, at the same meeting a new amendment, bill 74–1997, which was identical to bill 59–1997 except that it became effective in 10 rather than 30 days, was introduced.

On October 2, 1997 Council forwarded bill 74–1997 to the Allentown City Planning Commission (AC Commission) and to the Lehigh Valley Planning Commission (LV Commission). At a meeting held on October 7, 1997, the AC Commission rec-

ommended the bill to Council. The LV Commission, by letter of a staff member advised Council that bill 74–1997 was of local concern. Council eventually passed bill 74–1997 on October 15, 1997 and ordinance 13607 became effective.

Muhlenberg challenged the validity of ordinance 13607 to the Board which denied Muhlenberg's challenge. On appeal, the trial court accepted additional evidence, made findings of fact and agreed with the Board that ordinance 13607 was validly adopted. This appeal followed.

■ Because the trial court accepted additional evidence, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Eibs v. Zoning Board of Adjustment of the City of Pittsburgh,* 117 Pa.Cmwlth. 57, 542 A.2d 641 (1988).

Seven issues are presented in this appeal: (1) whether the ordinance impermissibly discriminates against students; (2) whether the ordinance is not substantially related to the purpose it purports to serve; (3) whether the City violated the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202 and the Codified Ordinances of the City of Allentown; (4) whether the ordinance is invalid on its face; (5) whether the Allentown Planning Commission meeting was defective; (5) whether the City improperly reconsidered bill 59–1997; (6) whether the ordinance constitutes impermissible exclusionary zoning and (7) whether the ordinance constitutes unconstitutional spot zoning.

Because we determine that the City violated the MPC and the Codified Ordinances of the City of Allentown in that bill 74–19997 was not timely presented to the Commissions, we agree with Muhlenberg that ordinance 13607 is invalid. Both the MPC and the Codified Ordinances of the City of Allentown require that amendments be presented to the planning agency thirty days before the hearing on such amendment.

Specifically, Section 609(c) of the MPC, 53 P.S. § 10609(c) provides that:

> In the case of an amendment other than that prepared by the planning agency, the governing body *shall* submit each such amendment to the planning agency at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations. (Emphasis added.)

Similarly, Section 609(e) of the MPC, 53 P.S. § 10609(e) provides that:

> If a county planning agency shall have been created for the county in which the municipality proposing the amendment is located, then at least 30 days prior to the public hearing on the amendment by the local governing body, the municipality *shall* submit the proposed amendment to the county planning agency for recommendations. (Emphasis added.)

Section 1305.04 of the Codified Ordinances of Allentown similarly requires that the commission receive a proposed amendment 30 days prior to a hearing on such amendment. Section 1305.04 states:

> [b]efore voting on the enactment of an amendment, council shall hold a public meeting thereon pursuant to public notice. In the case of an amendment other than that prepared by the planning agency, council *shall* submit each such amendment to the planning commission at least *thirty* days prior to the hearing on such proposed amendment to provide the planning commission an opportunity to submit recommendations. (Emphasis added.)

Here, bill 74–1997 was submitted to the AC and LV Commissions on October 2, 1997. Thereafter, City Council held a public hearing and voted to adopt bill 74–1997 on October 15, 1997, only 13 days later. As such, bill 74–1997 was not submitted to the Commissions at least 30 days prior to the hearing as is required by the MPC and the Codified Ordinances. Our Supreme Court has stated that the use of the word "shall" is mandatory, not discretionary.

*Oberneder v. Link Computer Corp.*, 548 Pa. 201, 696 A.2d 148 (1997). Having failed to comply with the mandatory requirements of the MPC and the Codified Ordinances that the proposed bill be submitted to the Commissions at least 30 days prior to the hearing, we agree with Muhlenberg that such failure to comply is fatal.

In *Dougherty v. Hazleton Zoning Hearing Board*, 20 Pa.Cmwlth. 617, 342 A.2d 768 (1975) a proposed zoning amendment was submitted to the planning commission less than 30 days before the hearing and adoption of the ordinance. Although this court dismissed the appeal based on untimeliness, this court also stated that although the City can ignore the comments of the planning commission, the City cannot ignore the MPC and deny the commission's legislatively mandated input into the decision making process. In *Dean v. City of Harrisburg*, 128 Pa.Cmwlth. 431, 563 A.2d 965 (1989), *appeal denied*, 526 Pa. 640, 584 A.2d 322 (1990) this court invalidated a zoning ordinance because the City failed to follow the procedures set forth in sections 609 and 610 of the MPC regarding notice and consultation with the commission.

The ZHB relies on *Budco Theatres v. Zoning Hearing Board of Springettsbury Township*, 159 Pa.Cmwlth. 257, 632 A.2d 1072 (1993) and *Appeal of Sweigart*, 117 Pa.Cmwlth. 84, 544 A.2d 74 (1988) for the proposition that although the Commissions did not receive the bill 74–1997 at least 30 days before the hearing and adoption of the ordinance, this failure was immaterial because there were no substantial changes between bill 74–1997 and bill 59–1997, which the Commissions did receive and recommend passage of in a timely manner. In those cases this court stated that although a public hearing is required before voting on the enactment of an amendment in accordance with Section 609, a rehearing is not required if insignificant changes are thereafter made to the amendment. The ZHB argues here that because there

were no significant changes between 59–1997 and 74–1997, no additional review of 74–1997 was necessitated by the Commissions. We disagree.

Section 609(d), which *Budco* and *Sweigart* address, specifically states that after a public hearing on a proposed amendment, another hearing is required if the proposed amendment is thereafter substantially changed. Specifically, Section 609(d) provides that the governing body *shall* hold another public hearing before proceeding to vote if the proposed amendment has been changed substantially or revised to include land not previously affected. Unlike Section 609(c) however, Section 609(d) is stated in the terms of a condition precedent. The holding of a second public hearing is conditioned upon a proposed amendment having been substantially changed or revised. In contrast, Section 609(c) does not include any such condition precedent. Section 609(c) which is applicable in this case, specifically states that "the governing body *shall submit each amendment* to the planning agency at least 30 days prior to the hearing...." Thus, it matters not whether 59–1997 and 74–1997 were substantially similar because unlike Section 609(d), Section 609(c) requires that each amendment be submitted to the planning agency, whether substantial changes have occurred to it or not.

ZHB also argues that except for the effective date of the ordinance, bill 59–1997 was substantially similar to bill 74–1997 and that bill 59–1997 met all the requirements of the MPC, including the fact that it was presented to Commissions at least 30 days prior to the hearing. As such argues the ZHB, bill 74–1997 was merely a reconsideration of bill 59–1997 and no additional recommendations from the planning commissions were required.

Although bill 59–1997 and bill 74–1997 may have been similar, as conceded by the Board, they were different in that they had different effective dates. As they contained different effective dates they cannot be considered to have been the same and it was thus required that bill 74–1997 be submitted to the Commissions at least 30 days before the hearing as is required by Section 609(c).

Because of our determination that bill 74–1997 did not comply with the mandated requirements of the MPC and the Codified Ordinances of the City of Allentown, ordinance 13607 is invalid. Moreover, because of our determination of this issue, we need not address the remaining issues.

Accordingly, the order of the trial court is reversed.

President Judge DOYLE and Judge LEADBETTER dissent.

## *O R D E R*

NOW, August 11, 2000, the order of the Court of Common Pleas of Lehigh County at No. 98–C–0833, dated September 22, 1998, is reversed.