Laura B. KOHR and Leon
P. Haller, Esq.

v.

LOWER WINDSOR TOWNSHIP
BOARD OF SUPERVISORS,
Appellant.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 2004.
Decided Feb. 9, 2005.

Charles Matthew Suhr, Harrisburg, for
appellant.

Joseph T. Doyle, Wayne, for appellee.

BEFORE: McGINLEY, Judge, and
LEAVITT, Judge, and FLAHERTY,
Senior Judge.

OPINION BY Senior Judge
FLAHERTY.

Lower Windsor Township Board of Su-
pervisors (Board) appeals from the order
of the Court of Common Pleas of York
County (trial court) which granted the pro-
cedural challenge of Laura B. Kohr and
Leon P. Hall, Esq., Trustee for the Estate
of Ronald C. Kohr (Kohrs) to the enact-

ment of the Lower Windsor Township Zoning Ordinance of April 10, 2003 (ordinance), and found the action initiated on April 10, 2003 by the Board invalid and declared the ordinance void due to its failure to follow the requirements of Section 607 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10607.

In June of 2002, after the Board adopted the first comprehensive plan for Lower Windsor Township (Township), the Township Planning Commission (Township Commission) began drafting the first zoning ordinance for the Township. On January 24, 2003, the Township Engineer submitted the proposed ordinance to the York County Planning Commission (County Commission) for review and comment. On March 5, 2003, the County Commission transmitted its comments to the Township. On March 11, 2003, the Township sent a letter and resubmitted a revised proposed ordinance to the County Commission. The letter states in pertinent part as follows:

> On behalf of Lower Windsor Township, I am writing to notify the York County Planning Commission (YCPC) of Lower Windsor Township's consideration to adopt a proposed Zoning Ordinance. After meeting with YCPC staff and receiving their recommendations, suggested changes and revisions have been made to the document submitted on January 24, 2003. Please find the enclosed document dated March 10, 2003 showing the revisions with underlines.
>
> In accordance with Section 607(e) of the Pennsylvania Municipalities Planning Code, Act 247 as reenacted and amended, which provides in part, "... at least 45 days prior to the public hearing ...

the municipality shall submit the proposed ordinance ... to ... county planning agency for recommendations ...", please find an enclosed copy of the proposed Ordinance.

> On behalf of Lower Windsor Township, we respectfully request re-review and comment on the proposed Ordinance. We anticipate a Public Hearing on March 20, 2003....

Township Letter, March 11, 2003, at 1. On March 20, 2003, the Board held a public hearing on the proposed ordinance. On April 4, 2003, the County Commission provided comments to the Board, indicating that the County Commission was satisfied with the proposed ordinance. On April 10, 2003, the Board adopted the proposed ordinance.

On May 12, 2003, the Kohrs, landowners in the Township, filed a land use appeal directly to the trial court, arguing first, that since 45 days did not pass between the second submission of the proposed ordinance to the County Commission and the hearing on the proposed ordinance, the Board failed to comply with Section 607(e) of the MPC, 53 P.S. § 10607(e); and second, that there were no explanatory materials included with the proposed ordinance when it was submitted to the County Commission in violation of Section 607(c) of the MPC, 53 P.S. § 10607(c).

On June 2, 2004, the trial court found that "there were no 'explanatory materials' included with the Proposed Ordinance as required by the MPC Section 607(c) ..." and that there were significant revisions to the second proposed ordinance that was submitted on February 12, 2003.[1] The trial court determined that after the second submission of the ordinance to the

---

1. The report of the County Commission contained twenty-two specific recommended changes and/or suggestions.

County Commission, the Board was required under Section 607(e) of the MPC to wait an additional 45 days prior to holding a hearing on the proposed ordinance.[2] The trial court invalidated the actions of the Board and declared the ordinance void due to the Township's failure to follow the requirements of Section 607 of the MPC. The Board appealed to our Court.[3]

The Board contends that the trial court erred in determining that regarding a resubmitted zoning ordinance plan, that the Board must wait 45 days measured from the re-submittal date to have a hearing on the proposed ordinance and further in declaring the ordinance void for failing to hold the hearing 45 days or more after resubmitting the ordinance to the County Commission.[4]

Section 607 of the MPC provides in pertinent part as follows:

Preparation of proposed zoning ordinance

(a) The test and map of the proposed zoning ordinance, as well as all necessary studies and surveys preliminary thereto, shall be prepared by the planning agency of each municipality upon request by the governing body.

(b) In preparing a proposed zoning ordinance, the planning agency shall hold at least one public meeting pursuant to public notice and may hold additional public meetings upon such notice as it shall determine to be advisable.

(c) Upon the completion of its work, the planning agency shall present to the governing body the proposed zoning ordinance, together with recommendations and explanatory materials.

(d) The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act.

(e) If a county planning agency shall have been created for the county in which the municipality adopting the ordinance is located, then at least 45 days prior to the public hearing by the local governing body as provided in section 608, the municipality shall submit the proposed ordinance to said county planning agency for recommendations.

53 P.S. § 10607.

Section 607 of the MPC requires that the planning agency present to the governing body completed work in the form of a proposed zoning ordinance. This section also requires that the completed product be submitted to the county planning agency at least 45 days prior to the public hearing so that the county planning agency has an opportunity to submit recommendations.

In *Muhlenberg College v. Zoning Hearing Board of the City of Allentown*, 760 A.2d 443 (Pa.Cmwlth.2000), our Court reviewed Section 609(c) of the MPC. Our Court found in pertinent part as follows:

Section 609(c) which is applicable in this case, specifically states that "the govern-

2. There is no dispute that 45 days did not pass between March 11, 2003 and March 20, 2003.

3. Our review of a land use appeal when the original action is filed with the trial court is limited to a determination of whether the trial court abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Skepton v. Borough of Wilson*, 562 Pa. 344, 755 A.2d 1267 (2000).

4. The trial court also found that the Board failed to comply with Section 607(c) of the MPC. Trial Court Opinion, June 2, 2004, Finding of Fact No. 10, at 3. The Board failed to raise the issue of whether it complied with Section 607(c) of the MPC. Failure to raise this issue results in its waiver. Compliance with Sections 607(c) and (e) are both necessary for proper submission to the planning agency.

ing body shall submit each amendment to the planning agency at least 30 days prior to the hearing...." Thus, it matters not whether 59–1997 and 74–1997 were substantially similar because unlike Section 609(d), Section 609(c) requires that each amendment be submitted to the planning agency, whether substantial changes have occurred to it or not.

*Id.* 760 A.2d at 446.

■ Section 607(e) of the MPC is similar to Section 609(c), in that the language in 607(e) does not require a substantial change in the proposed ordinance before it must be submitted to the county planning agency. Like 609(c) of the MPC, 607(e) requires that each amendment be submitted to the planning agency whether substantial changes have occurred to it or not. Thus, upon submission of the revised proposed ordinance to the County Commission, the Board was required to wait the 45 days before holding the public hearing, as provided in the MPC.

■ We agree with the trial court that the Board's failure to comply with the mandatory requirements of the MPC is fatal. The Board failed to submit "explanatory materials" as required in Section 607(c) of the MPC and failed to submit the revised proposed ordinance to the County Commission at least 45 days prior to the public hearing as required in Section 607(e) of the MPC. A zoning ordinance will be invalidated for failure to follow the procedures set forth in the MPC regarding notice and consultation with the commission. *Dean v. City of Harrisburg,* 128 Pa.Cmwlth. 431, 563 A.2d 965 (1989).

Accordingly, the order of the trial court is affirmed.

### *O R D E R*

AND NOW, this 9th day of February, 2005, the order of the Court of Common Pleas of York County in the above-captioned matter is affirmed.