**Messina v. East Penn Township**

*Marc Jonas* and *Julie L. Von Spreckelsen,* for appellants.

*James R. Nanovic,* for appellee.

*Joseph J. Matika,* for intervenor.

BLACK, *S.J.,* September 8, 2009—Appellants, Charles N. Messina, Agnes Messina, and Lehigh Asphalt Paving and Construction Co., have filed a procedural validity challenge to the East Penn Township Zoning Ordinance, Township Ordinance no. 1996-94, adopted July 22, 1996. Appellants aver that procedural errors occurred at the time the ordinance was adopted and that as a result the ordinance is void ab initio. However, the challenge was not filed until August 11, 2008, more than 12 years after adoption of the ordinance, and in the meantime the township and its residents and landowners have substantially relied on the validity and effectiveness of the ordinance. Therefore, appellants' procedural validity challenge is time-barred.

## I. FACTS AND PERTINENT HISTORY

### A. *Procedural History*

On August 11, 2008, appellants commenced this action by filing an appeal in the nature of a procedural validity challenge to the ordinance. The appeal was filed with this court pursuant to 42 Pa.C.S. §5571.1(a) of the Judicial Code and 53 P.S. §11002-A(b) of the Municipalities Planning Code (MPC). On September 9, 2008, the Carbon County Prothonotary issued a writ of certiorari directing East Penn Township to file with the prothonotary a record of its proceedings regarding the adoption of the ordinance. Pursuant to this writ, the township filed its records regarding adoption of the ordinance on October 24, 2008.

On November 6, 2008, Nancy Blaha filed a notice of intervention with the prothonotary of Carbon County

seeking to intervene in this matter for the purpose of opposing the appellants' claim that the ordinance is invalid. Subsequently, on December 5, 2008, Chris Pekurny also sought to intervene in the matter for the same purpose. Intervenor Blaha is a resident of East Penn Township, and Intervenor Pekurny owns property adjacent to the quarry at the center of this legal dispute. The intervenors originally sought to intervene as a matter of right, but later petitioned to intervene pursuant to Pa.R.C.P. 2327(4) on the ground that they have a legitimate legal interest in sustaining the ordinance, and that this interest may not be adequately represented by the township. We granted their petition to intervene, and they have participated in the briefing and argument through counsel.

Argument was held on the merits of the procedural validity challenge on July 27, 2009, following the submission of briefs. At the time of argument we offered to schedule a hearing for any party to submit relevant evidence. None of the parties expressed any interest in presenting evidence. Therefore, we have limited our review of evidence to those documents filed of record with the prothonotary in response to the writ of certiorari.

## B. *Relevant Facts*

Charles N. Messina and Agnes Messina are the legal owners of a parcel of land located in East Penn Township, Carbon County, Pennsylvania, identified as Carbon County tax map parcel no. 99-8-11B and presently used as a quarry. Lehigh Asphalt Paving and Construction Company is the equitable owner of the quarry pursuant

to an option contract to purchase the property. The record is unclear as to when Lehigh Asphalt was granted the option or whether the option has been exercised.

The quarry is comprised of 114.4 acres and is located in the rural (R) and rural residential (RR) zoning districts established pursuant to the ordinance. Appellants' use of the quarry is for mining and excavation. They aver that the ordinance prevents them from expanding their mining and excavation operations.

Prior to July 22, 1996, the township did not have a zoning ordinance. The ordinance adopted by the township on that date established a comprehensive zoning ordinance effective July 27, 1996. The effect of the ordinance was "to place restrictions on the use and development of land in the [T]ownship."[1] Subsequent to its initial adoption, the ordinance has been amended three times, in 2000, 2001 and 2005, all prior to the instant procedural challenge.

The record filed in this case contains documents relating to the enactment of the ordinance by the Township Planning Commission, including minutes of the Planning Commission dating from 1994 through 1996. Additionally, proofs of publication dated April 15, May 15, and July 16, 1996, are part of the record; as well as minutes of the Township Board of Supervisors meetings in 1996. Finally, various letters from concerned township residents regarding the proposed ordinance, including a letter from Greg Solt suggesting a change, are also part of the record.

---

1. Township ordinance no. 96-94, Introduction, p. 1.

The record indicates that on July 22, 1996, the night the ordinance was adopted, the township supervisors took an initial vote on the ordinance as advertised. That vote failed to produce the necessary votes for adoption. Amendments proposed by Greg Solt were then made to the proposed zoning map. A second vote was taken, this time on the ordinance as amended. On this second vote the ordinance as amended was adopted. The minutes of the July 22, 1996 meeting state in relevant part:

"Joe Ehritz made a motion to adopt the zoning ordinance with the Greg Solt's changes on the zoning map. Motion was then changed to 'as proposed'. [sic] There being no second, motion did not pass. Joe Ehritz made a motion seconded by Steve Fatzinger to adopt a pending ordinance doctrine. AIF.[2]

"Executive session was called at 8:10 p.m. and ended at 8:40 p.m. (litigation).

"After further discussion on the zoning map, Joe Ehritz made a motion, seconded by Ted Smith to adopt the zoning ordinance with the Greg Solt's changes on the zoning map. AIF. Changes were made on the map."[3]

It is apparent that changes were made to the zoning ordinance on the night of its adoption. This means that the ordinance actually adopted differed to some extent from the ordinance proposed and advertised prior to the meeting. There is no evidence that the Planning Commission reviewed the changes or that township residents were on notice of the changes prior to the meeting of July 22, 1996.

---

2. AIF: "All in favor."

3. Record (R) at 58.

Nor can we discern from the record with certainty the precise change or changes made.[4] It is possible that the changes made were those requested in the June 22, 1996 letter of Greg Solt.[5] Those changes were limited to movement of the boundary line between the "business commercial zone" and "village commercial zone" from the east to the west side of the Repscher subdivision. Because the quarry does not abut the Repscher subdivision and is not located in either the business commercial zone or village commercial zone, the movement of this line may not have had any impact on the quarry or its proposed expansion.

## II. ANALYSIS

### A. *Procedural Defects in the Adoption of the Ordinance*

The process for enacting a zoning ordinance under the MPC is complex with specific rules concerning notice and procedure. Our appellate courts have stated that strict adherence to these rules is mandatory to protect the public interest. See *e.g., Glen-Gery Corporation v. Zoning Hearing Board of Dover Township,* 589 Pa. 135, 907 A.2d 1033 (2006); and *Lower Gwynedd Township v.*

---

4. We recognize that the record could be more complete. There are certainly omissions, gaps, and ambiguities probably arising from the lapse of 12 years between the adoption of the ordinance in 1996 and the commencement of the present action in 2008. That is why we proposed during argument that an evidentiary hearing might be advisable. However, none of the parties desired to present evidence. Therefore, in deciding this appeal, we are limited to the record as transmitted to the prothonotary by the township.

5. R. at 92.

*Gwynedd Properties Inc.,* 527 Pa. 324, 591 A.2d 285 (1991). In *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000), the zoning ordinance was invalidated because of a failure to properly number, sign, date, and record the proposed ordinance. In *Kohr v. Lower Windsor Township Board of Supervisors,* 867 A.2d 755 (Pa. Commw. 2005), the zoning ordinance was invalidated for failure to re-advertise or give notice to the municipal planning commission after amendments had been made to the ordinance during the initial adoption process.

In the present case, appellants contend that East Penn Township did not adhere strictly to the procedural requirements for adoption of a zoning ordinance in four respects. The ordinance is presumed to be valid, and the burden of proving facts sufficient to establish a procedural defect falls on appellants as the parties objecting to the ordinance. *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board, supra* at 459, 751 A.2d at 167.

1. First, appellants contend that the public notice of the proposed amendment published in the *Times Leader,* a newspaper of general circulation in the county, did not include either the full text of the proposed ordinance or a "brief summary" setting forth the provisions of the ordinance "in reasonable detail," as required by section 610(a) of the MPC, 53 P.S. §10610(a). Obviously, publication of the entire 91-page ordinance would have been ridiculous. We believe that the summary published was sufficient and did meet the requirements of the MPC.

2. Second, appellants contend that an attested copy of the proposed ordinance was not filed with the Carbon County Law Library, as required by section 610(a)(2) of

the MPC, 53 P.S. §10610(a)(2). However, appellants have not submitted any evidence to support this contention. Moreover, the record contains a copy of the legal notice published in the *Times News* on July 5 and July 12, 1996, stating that "copies of the proposed ordinance may be reviewed in the East Penn Township Municipal Building . . . or the Carbon County Law Library."[6] This legal notice supports the township's position on this issue.

3. Third, appellants contend that the ordinance was not re-advertised before adoption after substantial amendments were made to it. Section 610(b) of the MPC is specific that when

"substantial amendments are made in the proposed ordinance or amendment, before voting upon enactment, the governing body shall, at least 10 days prior to enactment, re-advertise, in one newspaper of general circulation in the municipality, a brief summary setting forth all the provisions in reasonable detail together with a summary of the amendments." 53 P.S. §10610(b).

It appears from the record that the proposed ordinance was amended on the night of its enactment, July 22, 1996, without re-advertisement before it was voted on and adopted. However, not every amendment requires re-advertisement. Under section 610(b), re-advertisement is necessary only if the amendment was "substantial." In *Schultz v. City of Philadelphia,* 385 Pa. 79, 82, 122 A.2d 279, 281 (1956), in discussing the issue of substantiality our Supreme Court stated:

"While it is obvious that an insignificant amendment made to a proposed ordinance after advertisement and a

---

6. R. at 60.

public hearing does not require a re-advertisement and public hearing, the case is clearly otherwise if the amendment is substantial in relation to the legislation as a whole."

The Supreme Court expounded on this principle in *Willey Appeal,* 399 Pa. 84, 87, 160 A.2d 240, 242 (1960), holding that for substantiality to exist "there must be a significant disruption in the continuity of the proposed legislation or some appreciable change in the overall policy of the bill." In *Willey,* the court found that the amendment "did not add or delete any permitted use; it did not change a district boundary or classification, nor did it vary any regulation." *Id.* Therefore, the court found that the amendment was insubstantial, and refused to invalidate the zoning ordinance at issue, even though it had not been re-advertised following the amendment. The Commonwealth Court reached a different conclusion on substantiality in *Save Our Local Environment II v. Foster Township Board of Supervisors,* 137 Pa. Commw. 505, 508-509, 587 A.2d 30, 31-32 (1991), holding that modification of a zoning district from agricultural to industrial amounts to a substantial change when applied to 3,300 acres.

In the instant case it is not clear from the record before us exactly what the amendment was. Therefore, we are unable to find that it was substantial. Appellants, who had the burden of proof on this issue, failed to prove facts sufficient to establish its claim of a substantial amendment. The amendment may have consisted of the change suggested by Greg Solt in his letter of June 22, 1996, *i.e.,* the movement of the dividing line between the business commercial and village commercial districts on the

property known as the Repscher subdivision. If so, this may have been a substantial change under the test established by our Supreme Court in *Willey.* However, the change adopted at the July 22, 1996 meeting might have been something else. We cannot decide an important case such as this—or any case for that matter—on the basis of guesswork. In the absence of any evidence as to the specific content of the amendment, we are unable to find that it was "substantial". Hence, we cannot find that the failure to re-advertise was a fatal flaw in the enactment process.

4. Appellants also assert a fourth defect in the enactment process in that the township failed to submit the final version of the ordinance, including all amendments, to the County Planning Commission at least 45 days prior to the enactment of the ordinance. The MPC requires in section 607(e) that "at least 45 days prior to the public hearing by the local governing body as provided in section 608,[7] the municipality shall submit the proposed ordinance to said county planning agency for recommendations." 53 P.S. §10607(e). This requirement has been interpreted strictly. It applies whether or not the proposed amendment is substantial. Kohr v. Lower Windsor Township Board of Supervisors, 867 A.2d 755, 758 (Pa. Commw. 2005) (holding that "each amendment (must) be submitted to the planning agency whether substantial changes have occurred to it or not"). Since an amendment was accepted on the very night the ordinance was adopted, it is obvious that the ordinance as amended was not submitted to the County Planning Commission at least 45 days before its adoption. Accord-

7. 53 P.S. §10608.

ingly, based on the holding in *Kohr* and the plain meaning of section 607(c), we must conclude that there was a violation of the strict requirement to inform the County Planning Commission of the content of the proposed ordinance, including all amendments, at least 45 days prior to its adoption.

## B. Glen-Gery *and the Doctrine of Void ab Initio*

The Pennsylvania Supreme Court has taken up the issue of procedural irregularities in the adoption of municipal ordinances with some frequency. In a line of cases including *Glen-Gery Corporatian v. Zoning Board of Dover Township,* 589 Pa. 135, 907 A.2d 1033 (2006), the court has held that procedural defects in the enactment of a municipal ordinance render the ordinance void ab initio, and that a void abinitio ordinance is to be treated as though it never had existed, so that the limitations period for challenging the ordinance never began to run.

In *Lower Gwynedd Township v. Gwynedd Properties Inc.,* 527 Pa. 324, 591 A.2d 285 (1991), the township had enacted an ordinance authorizing the condemnation of a developer's property for use as a conservation area. The township had published a summary of the ordinance in the local newspaper but had failed to file a copy of the ordinance with the county law library or another county office. Upon a procedural challenge by the landowner, our Supreme Court held:

"[T]he procedures established by the legislature for the enactment of ordinances must be followed strictly in order for an ordinance to be valid. . . . The precedents of this court have been consistent in holding that statutory

publication requirements are mandatory and that ordinances adopted without strict compliance are void. The public's interest in the legislative process demands no less." *Id.* at 327-29, 591 A.2d at 287-88.

The precedent set by the Supreme Court in *Lower Gwynedd* was followed in *Schadler v. Zoning Hearing Board of Wiesenberg Township*, 578 Pa. 177, 850 A.2d 619 (2004), where the court also held a municipal ordinance void ab initio because of the municipality's failure to comply with statutory notice requirements prior to enactment. *Schadler* involved a landowner's procedural challenge to the enactment of an ordinance regulating mobile homes. The challenge was filed 200 days after the ordinance had been enacted. The Supreme Court determined that because of procedural defects in enactment of the ordinance, it was void ab initio. Hence the 30-day limitation period set forth in 53 Pa.C.S. §10909.1(a)(2) never began to run and did not bar the procedural challenge. The court stressed the importance of requiring compliance with procedural requirements:

"The purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary." *Id.* at 189, 850 A.2d at 627.

The Supreme Court re-affirmed this principle in *Glen-Gery Corporation v. Zoning Board of Dover Township*, 589 Pa. at 135, 907 A.2d at 1033. The court explained that the effect of determining an ordinance to be void ab initio because of procedural defects is that the ordinance never became law. Therefore, the limitations period

never commenced, and a procedural challenge to the zoning ordinance at issue could be filed at any time in the future. See also, *Luke v. Cataldi*, 593 Pa. 461, 932 A.2d 45 (2007), holding that a municipality's failure to give public notice or hold a hearing before granting conditional use permits caused the permits to be void ab initio.

In *Glen-Gery* the court appeared to recognize the potential danger in eliminating all cut-off dates for challenging the validity of ordinances. Thus, in a footnote to its opinion the court stated that the void ab initio doctrine applies only to procedural defects implicating "notice, due process, or other constitutional rights." *Glen-Gery*, 589 Pa. at 143 n.5, 907 A.2d at 1037 n.5. The court also referred to its earlier statement in *Schadler v. Zoning Hearing Board of Wiesenberg Township*, 578 Pa. at 189, 850 A.2d at 627, that "we may someday be presented with a case in which a procedurally defective ordinance has been 'on the books' and obeyed in practice for such a long time that public notice and acquiescence can be presumed . . . ." *Glen-Gery*, 589 Pa. at 145 n.6, 907 A.2d at 1039 n.6.

## C. *Legislative Modification of the Void ab Initio Doctrine*

In July of 2008,[8] following the decision of the Supreme Court in *Glen-Gery,* the Pennsylvania Legislature took

---

8. The legislative history of Public Law 328, 2008 (which would become, in part, 42 Pa.C.S. §5571.1) indicates that the bill was first sent to the House Local Government Committee on May 24, 2007, nine months after the decision in *Glen-Gery* was handed down on September 28, 2006.

action to limit application of the void ab initio doctrine. Recognizing the need for a measure of certainty and stability in land use planning and development, the legislature enacted an amendment to the Judicial Code at 42 Pa.C.S. §5571.1 placing time limits on procedural challenges to an ordinance even where the procedural defects raise constitutional issues. The amendment continues the intent of the void ab initio doctrine to some extent by allowing procedural challenges to an ordinance after expiration of the 30-day appeal period to avoid "an impermissible deprivation of constitutional rights." However, the legislature balanced this provision with a temporal limit on such challenges unless certain conditions are met. The statute accomplishes this by establishing certain presumptions and certain burdens that the challenging party must meet to invoke the void ab initio doctrine. The relevant portions of section 5571.1 are set forth below:

"*(c) Exemption from limitation.*—An appeal shall be exempt from the time limitation in subsection (b) [30 days] if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights.

"*(d) Presumptions.*—Notwithstanding any other provision of law, appeals pursuant to this section shall be subject to and in accordance with the following:

"(1) An ordinance shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure.

"(2) In all cases in which an appeal filed in court more than two years after the intended effective date of the ordinance is allowed to proceed in accordance with subsection (c) the political subdivision involved and residents and landowners within the political subdivision shall be presumed to have substantially relied upon the validity and effectiveness of the ordinance.

"(3) An ordinance shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (c).

"*(e) Burden of proof.*—Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

"(1) In the case of an appeal brought within the 30-day time limitation of subsection (b), the party alleging the defect must meet the burden of proving that there was a failure to strictly comply with statutory procedure.

"(2) In the case of an appeal which is exempt from the 30-day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving each of the following:

"(i) That there was a failure to strictly comply with statutory procedure.

"(ii) That there was a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in, or the existence of, the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.

"(iii) That there exist facts sufficient to rebut any presumption that may exist pursuant to subsection (d)(2) that would, unless rebutted, result in a determination that the ordinance is not void from inception."

In the present case, the appeal was filed on August 11, 2008, more than 12 years after the enactment of the ordinance and more than 30 days after the effective date of section 5571.1 of the Judicial Code.[9] Thus, appellants must meet the burden of proving those propositions set forth in subsection (e)(2) above in order to be exempt from the 30-day appeal deadline.

We previously concluded[10] that the township had failed to strictly comply with the relevant statutory procedures for notifying the Carbon County Planning Commission of the amendment to the ordinance at least 45 days prior to its enactment. However, this procedural violation affected only possible input from the Planning Commission. It did not cause "insufficient notification *to the public* of impending changes in, or the existence of, the ordinance, so that *the public* would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance." 42 Pa.C.S. §5571.1(e)(2)(ii). (emphasis added) Consequently, appellants have failed to meet the condition in section 5571.1(e)(2)(ii) for excusing compliance with the 30-day appeal deadline.

Also fatal to appellants' appeal, in view of the 12-year delay, is appellants' total failure to prove any facts to

---

9. The effective date of the amendment to the Judicial Code was July 4, 2008.

10. See pp. 64-66 *supra*.

rebut the presumption in section 5571.1(d)(2) that the township and its residents and landowners have substantially relied upon the validity and effectiveness of the ordinance. Evidence of such facts is required by the third prong of section 5571.1(e)(2). In the absence of such evidence, we must presume that the township and its residents and landowners did in fact substantially rely on the ordinance. In view of this substantial reliance, appellants' appeal is untimely. Any other conclusion would be manifestly unfair to the township and its residents and landowners. See *Geryville Materials Inc. v. Lower Milford Township Zoning Hearing Board,* 972 A.2d 136, 144 (Pa. Commw. 2009) (zoning and subdivision ordinances held valid despite procedural defects in order to avoid "potential chaos" in the community).

It should be noted that the presumption of substantial reliance under section 5571.1(d)(2), and the requirement in section 5571.1(e)(2)(iii) that appellants offer sufficient evidence to rebut it, apply to all procedural defects, even those that may have resulted in insufficient notice to the public and the deprivation of constitutional rights. Thus, even if the amendment at the meeting of July 22, 1996, had been a substantial amendment and the ordinance was not thereafter re-advertised, the presumption of substantial reliance in section 5571.1(d)(2) is still applicable.

The statutory presumption of substantial reliance is very appropriate under the circumstances here. The ordinance has been on the township books for over 12 years. Since its adoption the township has amended the ordinance on three occasions. Presumably, people have purchased property in the township and have made improvements to their properties in reliance on the existence

of the ordinance. Appellants themselves acknowledge at paragraph 11 of their appeal that "[t]he ordinance affected the substantive property rights of all property owners in the township at the time it was enacted and continues to affect the rights of all current owners of real property in the township. . . ." Significantly, one of the appellants, Lehigh Asphalt Paving and Construction Company, has itself relied very substantially on the validity and effectiveness of the ordinance. Lehigh Asphalt submitted an application to the township on May 20, 2000, for a special exception under the ordinance to expand its quarry operations. In June 11, 2001, it commenced a mandamus action against the Township Board of Supervisors alleging a deemed approval of a land development plan it had submitted in July 1999. The mandamus action was successful following an appeal to the Commonwealth Court. See *Lehigh Asphalt Paving and Construction Company v. Board of Supervisors of East Penn Township,* 830 A.2d 1063 (Pa. Commw. 2003).

The case of *Geryville Materials Inc. v. Lower Milford Township Zoning Hearing Board,* cited above, is instructive. *Geryville* involved a procedural challenge to 10 zoning and subdivision ordinances of the township. These ordinances had been on the township's books for periods ranging from three to 39 years. The challenges were filed prior to the amendment to the Judicial Code referred to above.[11] Nevertheless, despite procedural defects in the enactment process, the Commonwealth Court upheld the ordinances, refusing to apply the void

11. 42 Pa.C.S. §5571.1.

ab initio doctrine. The court noted that the Supreme Court in *Glen-Gery* had stated in dicta that a municipality's reliance on, or acquiescence in, an ordinance over a period of time could support a refusal to apply the void ab initio doctrine despite evidence of defects in the enactment process. The Commonwealth Court then stated in *Geryville,* "The simple fact that no party has sought before to challenge the procedural process involved with these ordinances is a plain indication that interested parties have obeyed the ordinances." *Geryville,* 972 A.2d at 143. The court further observed that "from a reliance perspective, it takes little imagination to envision the sort of inequities/unfairness that would be imposed upon the township's residents" if ordinances that have been applied and accepted for a long period of time are suddenly declared void. *Id.* at 144 n.9. Referring to the "potential chaos" that would result, the court concluded:

"If we were to reach the result urged by *Geryville,* we believe that the turmoil that might ensue would cause greater harm to all of those who have an interest in land use in the township, and who have innocently relied on the challenged ordinances, than would result by electing not to apply the void ab initio doctrine." *Id.* at 144.

In the instant case, as in *Geryville,* it takes little imagination to envision the chaos and unfairness that is likely to ensue if the township were to be suddenly without a zoning ordinance. That would be an unreasonable and unnecessary burden to place on the township residents and landowners, who for more than 12 years have relied on the validity and effectiveness of the ordinance.

As noted above, appellants did not produce any evidence to sustain their burden of proof that there was no substantial reliance on the ordinance. At oral argument, appellants' counsel stated that East Penn Township is a quiet little township where people really are unaware of such matters as zoning. This statement is a rather condescending observation without any foundation in the record of the case. The residents and landowners of East Penn Township are entitled to the same statutory presumptions as any other persons, including the presumption under section 5571.1(d)(2) that they "substantially relied upon the validity and effectiveness of the ordinance."

It was incumbent upon the appellants to affirmatively prove that there was no substantial reliance on the ordinance. Without such proof, we are bound to accept the statutory presumption that there *was* substantial reliance. In view of this substantial reliance, it would be improper to set aside the ordinance. As a result, appellants' procedural validity challenge, filed more than 12 years after enactment of the ordinance and more than 30 days after the enactment of section 5571.1 of the Judicial Code, 42 Pa.C.S. §5571.1, is time-barred.

## D. *Due Process of Law*

The Fourteenth Amendment to the United States Constitution prohibits a state or local government from depriving a person of a property interest without due process of law. A similar requirement exists under the Pennsylvania Constitution. See *Palmer v. Bartosh,* 959 A.2d 508 (Pa. Commw. 2008), analyzing Article I Section 1 of the Pennsylvania Constitution. Due process

includes advance notice and an opportunity to be heard in legal proceedings that may adversely affect one's property.

Appellants have not challenged the constitutionality of section 5571.1 of the Judicial Code continuing the 30-day limitations period for challenges to municipal ordinances, absent evidence that there was a deprivation of constitutional rights. Indeed, appellants have quoted section 5571.1 in their brief as the applicable law.[12] Appellants contend, however, that they are exempt from any time limitation because they have been denied due process of law.

We find their argument unconvincing. Statutes of repose are a legitimate and important part of our jurisprudence. They provide needed stability and predictability. They apply even where constitutional due process claims are asserted. The only exception is when the lack of due process notice has prevented the property owner from taking timely action to protect his property interest. That is not the case here for two reasons.

First, it is undisputed that a legal notice was timely published advertising the original proposed ordinance back in 1996, prior to the amendment. Although the ordinance as amended was not re-advertised, appellants have been aware of the passage of the amended ordinance since at least the year 2000, when appellant submitted an application for a special exception under the ordinance, and probably earlier in 1999, when it submitted a land development plan to the Township Board of Su-

---

12. Appellants' brief in support of procedural validity challenge, p. 9.

pervisors. Yet appellants took no action to challenge the validity of the ordinance until 2008. In the meantime the township and its residents and landowners have substantially relied on the validity and effectiveness of the ordinance. Under these circumstances it would be inequitable to permit appellants to succeed on their validity challenge. Principles of estoppel preclude their assertion of a due process claim at this late date.

Second, there is the issue of standing. It is black-letter law that "one cannot question the constitutionality of a statute—and this includes municipal ordinances—unless injuriously affected by the particular matter alleged to be unconstitutional." *Commonwealth v. Kennedy,* 129 Pa. Super. 149, 154, 195 A. 770, 773 (1937). Our courts have held that for "a party to be aggrieved, it must have a substantial, direct, immediate, and not remote interest in the subject-matter of the litigation." *Commonwealth v. Finley,* 860 A.2d 132, 136 (Pa. Super. 2004). This same standard applies to determine standing for land use issues. See *Mosside Associates Ltd. v. Zoning Hearing Board of Municipality of Monroeville,* 70 Pa. Commw. 555, 562, 454 A.2d 199, 203 (1982), where the court stated: "In order to have standing as a 'person aggrieved' the person must have a direct interest that is adversely affected by the action which he seeks to challenge. The interest must also be substantial, immediate, and not a remote consequence of the challenged action." "For a party to be 'aggrieved,' the interest of the party who will be affected by the alleged illegal law must be distinguishable from the interests shared by all citizens." See *Office of Attorney General ex rel. Corbett v. Richmond Township,* 917 A.2d 397, 401 n.9 (Pa. Commw. 2007).

This principle was applied in *Laughman v. Zoning Hearing Board of Newberry Township,* 964 A.2d 19 (Pa. Commw. 2009), to reject a township resident's challenge to a rezoning ordinance and amendment. In that case, the Commonwealth Court held the appellant, though a township resident, lacked standing to challenge the ordinance and amendment. The court found that his properties in the township were not in close proximity to a Rural Commercial Overlay (RCO) created by the ordinance and amendment. The resident's commercial properties were located two miles from the RCO district, his rental residential properties were located 0.8 miles from the district, and the resident did not show that the RCO district would have a detrimental effect on any of his properties.

A similar result was reached in *Society Created to Reduce Urban Blight (SCRUB) v. Zoning Hearing Board of Adjustment of City of Philadelphia,* 951 A.2d 398, 402-403 (Pa. Commw. 2008). SCRUB, a civic organization, opposed an advertiser's application for a variance to erect a billboard in a commercial district, but failed to show any specific interest in the decision beyond that of the common citizen. Thus, the Commonwealth Court found that the organization lacked standing to appeal the grant of a variance by the zoning board of appeals. The court noted that the organization had articulated only a general purpose to keep signs out of areas where they are prohibited, and neither the organization nor its members had property interests in the immediate neighborhood of the proposed sign.

In the present case, the only proven procedural defect was the township's failure to notify the Carbon County Planning Commission of the proposed amendment 45

days prior to the vote on the ordinance. As we noted above though,[13] we do not know what the content or subject of this amendment was. We are unable to discern this information from the record submitted, and appellants have not submitted any evidence despite our stated willingness to hold a hearing if they had wished to do so. It is quite possible that the amendment incorporated the changes proposed by Greg Solt in his letter of June 22, 1996. If so, these changes affected only the location of the boundary line between the village commercial and business commercial zoning districts on the property known as the Repscher subdivision. The quarry is not located in or adjacent to the Repscher subdivision. Nor is it located in either the business commercial or the village commercial zones in the township. In fact, the quarry is situated a substantial distance away in the rural and rural residential districts on the west side of the township. Appellants have submitted no evidence from which we could conclude that their property is affected in any way by the amendment or that they have any interest in the amendment beyond a general interest attributable to any citizen in the township. Thus, appellants are without standing to challenge the amendment procedure on due process grounds.

## IV. CONCLUSION

For the reasons stated, we conclude that appellants' procedural challenge to the East Penn Township Zoning Ordinance must be denied. More than 12 years have

---

13. See p. 60 *supra*.

elapsed since passage of the amended ordinance, and appellants have failed to produce any evidence to overcome the presumption under 42 Pa.C.S. §5571.1(d)(2) that the township and its residents and landowners have substantially relied on the validity and effectiveness of the ordinance since its adoption. Thus, appellants' procedural challenge filed more than 30 days after enactment of the ordinance is untimely. In addition, appellants have not established any basis for challenging the amendment to the ordinance at the meeting of July 22, 1996 on constitutional grounds.