Steven Kulovits Trucking and State Workmen's Insurance Fund, Insurance Carrier, Appellants, v. Workmen's Compensation Appeal Board and Larry C. Miller, Appellees.

Argued January 9, 1975, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*Frank J. Toole, Sr.,* Special Assistant Attorney General, with him *John E. O'Connor,* Assistant Attorney General, for appellants.

*Joseph F. Leeson,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE KRAMER, February 18, 1975:

This is an appeal by Steven Kulovits Trucking and State Workmen's Insurance Fund (hereinafter collectively referred to as Kulovits) from an adjudication by the Workmen's Compensation Appeal Board (Board) which awarded compensation to Larry C. Miller (Miller).

Miller was injured in an automobile accident on October 5, 1972, and he filed a claim for workmen's compensation on October 19, 1972. The primary legal issue involved in Miller's claim is the question of whether he was in the course of his employment when he was injured. The referee decided Miller was not in the

course of his employment when he sustained his injuries and, therefore, denied compensation. On appeal the Board concluded that the referee had erred in concluding that Miller was not in the course of his employment when he was injured and, therefore, the Board reversed the referee and awarded compensation for total disability. Kulovits now appeals to this Court, arguing that Miller was not in the course of his employment when he was injured and that the Board erred when it reversed the referee's decision.

We are precluded from considering the merits of Kulovits' appeal because it was not timely filed. Section 427 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, *as amended*, 77 P.S. §873 (Supp. 1974-1975), requires that appeals to this Court be taken within 20 days after notice of the Board's action has been served. Section 406 of the Act, 77 P.S. §717 (Supp. 1974-1975), provides in pertinent part: "any notice or copy shall be deemed served on the date when mailed. . . ." The Board's decision in this case was mailed on May 16, 1974, and Kulovits' appeal was not filed in this Court until June 6, 1974. In computing statutory time periods, we are required to exclude the first day and include the last day. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1908. Kulovits' appeal was filed one day late, and, therefore, this Court does not have jurisdiction to entertain the appeal. *See Findlay Refractories Co. v. Workmen's Compensation Appeal Board,* 13 Pa. Commonwealth Ct. 279, 320 A. 2d 399 (1974) ; *General v. E. Roseman Co.,* 10 Pa. Commonwealth Ct. 569, 312 A. 2d 609 (1973). In accordance with the above, we therefore

## ORDER

AND Now, this 18th day of February, 1975, the appeal of Steven Kulovits Trucking and State Workmen's Insurance Fund is hereby dismissed.