**Michael C. BENFIELD, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (ABBEY INSTALLATIONS, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Nov. 27, 1996.

Decided Jan. 21, 1997.

---

Warren H. Prince, Bechtelsville, for petitioner.

Sheilah A. Tone, Allentown, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and NARICK, Senior Judge.

FRIEDMAN, Judge.

Michael C. Benfield (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (WCAB) which affirmed the decision of a Workers' Compensation Judge (WCJ) to grant Claimant's claim petition but reversed the WCJ's assessment of attorney fees against Abbey Installations, Inc. (Employer). We reverse the WCAB with regard to the assessment of attorney fees.

Employer was insured for workers' compensation coverage by New Jersey Re–Insurance Company (New Jersey Re–Insurance) through the New Jersey Assigned Risk Plan. Employer's policy covered injuries sustained in Pennsylvania. (WCJ's Findings of Fact, Nos. 5–6.)

On September 3, 1991, without advising Employer, New Jersey Re–Insurance issued an endorsement striking Pennsylvania coverage from the policy. Although New Jersey Re–Insurance provided notice of the change in policy to Sciarra Insurance Company, Inc., the designated producer of the policy, Employer received no notice of the change in coverage. (WCJ's Findings of Fact, Nos. 7–10.)

Claimant suffered an injury to his back while in the course of his employment on November 5, 1991. Claimant was disabled as a result from November 29, 1991 through January 21, 1992. (WCJ's Findings of Fact, Nos. 1, 3–4.)

On June 4, 1992, Claimant filed a claim petition, alleging that he sustained a ruptured disc in his lower back while loading tables on a truck at work on November 5, 1991. Claimant's petition named New Jersey Re–Insurance as Employer's workers' compensation insurance carrier. Employer filed a timely answer denying the material allegations of the claim; Employer's answer indicated that Public Service Mutual Insurance Company (PSM) was the insurance carrier involved in the matter.[1] New Jersey ReInsurance filed a separate answer denying the material allegations of Claimant's petition.

Hearings were held before a WCJ on August 13, 1992 and October 9, 1992. At the October 9, 1992 hearing, with the agreement of the parties, the WCJ dismissed PSM as a party defendant to the case. (Hearing of October 9, 1992, N.T. at 11.) The WCJ then discussed Claimant's workers' compensation claim with the remaining defendants:

[WCJ]: [D]o both Defendants now agree that there was an injury, that the Claimant was injured in the course of his employ-

---

1. On March 2, 1992, PSM issued a Notice of Compensation Denial to Claimant, stating that there was no medical evidence of a work-related disability. (O.R., Notice of Compensation Denial.)

ment with Abbey, and that the injury resulted in a disability?

[New Jersey Re–Insurance]: I'm agreeing to it, yes.

[Employer]: And I am agreeing to it.

(Hearing of October 9, 1992, N.T. at 12.)

On December 8, 1992, the WCJ issued an "Interim Order" directing Employer and New Jersey Re–Insurance to pay compensation to Claimant for the period from November 29, 1991 through January 21, 1992.[2] On December 14, 1993, the WCJ issued a final decision, concluding that New Jersey Re–Insurance was liable for Claimant's workers' compensation benefits. The WCJ also found that New Jersey Re–Insurance failed to present a reasonable contest to Claimant's petition; thus, the WCJ ordered New Jersey Re–Insurance to pay attorney fees.

New Jersey Re–Insurance appealed the decision to the WCAB, which affirmed the liability of New Jersey Re–Insurance but reversed the assessment of attorney fees for an unreasonable contest. In reversing the award of attorney fees, the WCAB stated that "significant factual disputes existed in this case concerning New Jersey Re–Insurance Company's obligation to provide worker's [sic] compensation benefits for Claimant's employment injury." (WCAB op. at 5–6.)

■■■ On appeal to this court,[3] Claimant argues that the WCAB erred in reversing the assessment of attorney fees against New Jersey Re–Insurance because the only issue was whether Employer or New Jersey Re–Insurance was liable for Claimant's compensation benefits. We agree.

Section 440 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996, provides in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, ..., the employe ... shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee ...: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established by the employer or the insurer.

Here, New Jersey Re–Insurance asserted that it was not liable for Claimant's alleged work injury because, as a result of the September 3, 1991 endorsement, Employer's insurance policy did not cover work injuries sustained in Pennsylvania. We agree with the WCAB that the legal effect of the September 3, 1991 endorsement was a difficult matter to resolve; thus, it might appear that New Jersey Re–Insurance had a reasonable basis to contest its liability to Claimant.

However, the September 3, 1991 endorsement does not constitute evidence to refute Claimant's claim that he sustained a compensable work-related injury. Rather, the endorsement only pertains to whether New Jersey Re–Insurance would be ultimately liable to Claimant for benefits *if* Claimant was injured in the course of his employment; that is a separate issue from whether Claimant sustained a work-related injury. Thus, New Jersey ReInsurance could not reasonably contest the allegations made in the claim petition based solely on the September 3, 1991 endorsement.

In their answers to the claim petition, Employer and New Jersey Re–Insurance flatly

2. The WCJ found that the sole issue involved in the case was whether Employer or New Jersey Re–Insurance was liable for Claimant's benefits. (December 8, 1992 Decision, WCJ's Finding of Fact, No. 5.) Section 410 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 751, provides in pertinent part as follows:

Whenever any claim for compensation is presented and the only issue involved is the liability as between the defendant or the carrier ..., the [WCJ] shall forthwith order payments to be immediately made by the defendants or the carriers in said case. After the [WCJ] render[s] a final decision, the payments made by

the defendant or carrier not liable in the case shall be awarded or assessed against the defendant or carrier liable in the case as costs in the proceedings, in favor of the defendant or carrier not liable in the case.

3. Our scope of review is limited to determining whether constitutional rights have been violated, an error of law committed, or whether any necessary findings of fact are unsupported by substantial evidence. *Iacono v. Workmen's Compensation Appeal Board (Chester Housing Authority),* 155 Pa.Cmwlth. 234, 624 A.2d 814 (1993), *aff'd per curiam,* 536 Pa. 535, 640 A.2d 408 (1994).

denied that Claimant sustained a compensable work-related injury. However, neither Employer nor New Jersey Re–Insurance ever presented any evidence in support of that position. In fact, the record shows clearly that, at the October 9, 1992 hearing, both conceded that Claimant sustained a work-related injury.

Because Employer and New Jersey Re–Insurance had the burden of proving that there was a reasonable basis for their contest, and because neither offered evidence to establish a reasonable contest to Claimant's claim petition, we reverse.

### ORDER

AND NOW, this 21st day of January, 1997, the order of the Workmen's Compensation Appeal Board, at A94–0044, dated June 4, 1996, is reversed.