**GLADSTONE PARTNERS, LP, Appellant**

v.

**EAST UNION TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2011.

Decided July 21, 2011.

Eric M. Prock, Pottsville, for appellant.

Kevin M. Walsh, Jr., Drums, for appellee.

BEFORE: LEADBETTER, President Judge, and LEAVITT, Judge and BROBSON, Judge (P).

OPINION BY President Judge LEADBETTER.

Gladstone Partners, LP (Gladstone) appeals from an order of the Court of Common Pleas of Schuylkill County that denied challenges to the validity of the ordinance establishing the Planning Commission of East Union Township (Ordinance No. 10 of 2008) and to the validity of the Township Zoning Ordinance and Zoning Map (collectively, Zoning Ordinance).

Gladstone argues that its validity challenge to Ordinance No. 10 of 2008 establishing the Planning Commission was not time-barred under Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1, and

Section 11002–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002–A. Gladstone further argues that Ordinance No. 10 of 2008 is void *ab initio* because it was not enacted in compliance with the public notice requirement of the MPC. Gladstone also challenges the validity of the Zoning Ordinance, claiming that its enactment failed to comply with the procedure set forth in Section 607 of the MPC, 53 P.S. § 10607, for a planning commission's preparation of a zoning ordinance. We affirm.

## I.

Gladstone has an option to purchase a large tract of undeveloped land located in the Township, Schuylkill County, which was previously used as a strip mine. Since 2005, Gladstone has obtained various permits from the federal and state agencies to develop the property in the Township and adjoining properties in Luzerne and Carbon Counties as a commercial cargo airport. An airport was permitted on Gladstone's property by a special exception under the Schuylkill County zoning ordinance which regulated land use in the Township before the Township enacted the Zoning Ordinance on June 11, 2009.

The record shows the following steps taken by the Township before the enactment of the Zoning Ordinance. On October 14, 2008, the Township published in a newspaper of general circulation, Standard Speaker, a notice that the Township Board of Supervisors .(Supervisors) would hold a special meeting on October 20, 2008 to

consider adoption of an ordinance establishing a planning commission.[1] At the October 20, 2008 meeting, the Supervisors adopted Ordinance No. 10 of 2008 and established the Township Planning Commission, effective October 25, 2008. Section 7 of Ordinance No. 10 of 2008. On November 3, 2008, the Supervisors appointed three members of the Planning Commission for four-year terms beginning January 1, 2009. The Township's planning consultant, John Varaly, thereafter discussed a proposed zoning ordinance and zoning map in numerous memoranda sent to the Planning Commission and the Supervisors.

On May 7 and 14, 2009, the Township published a notice that the Planning Commission would hold a public meeting on May 21, 2009 to consider a proposed zoning ordinance and zoning map. The notice further stated that copies of the full text of the proposed zoning ordinance and zoning map were available for public inspection at the Standard Speaker's building, the Schuylkill County Law Library and the Township municipal building. *See* Reproduced Record (R.R.) at 8a. The representatives of Gladstone and Butler Enterprises, the owner of the property, appeared at the May 21, 2009 Planning Commission's public meeting and stated that the proposed zoning ordinance would no longer allow an airport on their property by a special exception. They demanded an opportunity to submit in-depth written comments. At the conclusion of the meeting, the same three members of the Planning Commission appointed by the Supervisors

---

1. Municipalities have "the power to create or abolish, by ordinance, a planning commission or planning department, or both." Section 201 of the MPC, 53 P.S. § 10201. A planning commission has the responsibilities, *inter alia,* to "[m]ake recommendations to the governing body concerning the adoption or amendment

of an official map," to "[p]repare and present to the governing body of the municipality a zoning ordinance," and to "[h]old public hearings and meetings." Section 209.1(b)(1), (2) and (10) of the MPC, added by Section 3 of the Act of June 1, 1972, P.L. 333, 53 P.S. § 10209.1(b)(1), (2) and (10).

in November 2008 unanimously recommended adoption of the proposed zoning ordinance and zoning map. On May 28 and June 4, 2009, the Township published another notice that the Supervisors would hold a special meeting on June 11, 2009 to consider the proposed zoning ordinance and zoning map. At the June 11 meeting, the Supervisors adopted the Zoning Ordinance and the Zoning Map, to be effective June 16, 2009. Section 105 of the Zoning Ordinance.

On July 15, 2009, Gladstone filed an appeal with the trial court, challenging the validity of the Zoning Ordinance.[2] Gladstone alleged that the Zoning Ordinance was invalid because it was not enacted in compliance with Section 607 of the MPC, which provides:

(a) The text and map of the proposed zoning ordinance, as well as all necessary studies and surveys preliminary thereto, shall be prepared by the planning agency [3] of each municipality upon request by the governing body.

(b) In preparing a proposed zoning ordinance, the planning agency shall hold at least one public meeting pursuant to public notice and may hold additional public meetings upon such notice as it shall determine to be advisable.

(c) Upon the completion of its work, the planning agency shall present to the governing body the proposed zoning ordinance, together with recommendations and explanatory materials.

(d) The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act.

(e) If a county planning agency shall have been created for the county in which the municipality adopting the ordinance is located, then at least 45 days prior to the public hearing [4] by the local governing body ..., the municipality shall submit the proposed ordinance to said county planning agency for recommendations.

Gladstone argued that the enactment of the Zoning Ordinance violated Section 607(a) of the MPC because the Zoning Ordinance was not prepared by a planning commission, relying on Varaly's memorandum sent to the Planning Commission and the Supervisors on April 22, 2009. In that memorandum, Varaly stated that the Supervisors would enact an ordinance "to formally establish the ... Planning Commission at its meeting of May 4th" and would "appoint the membership to the Planning Commission" at that meeting, and that the Planning Commission would "convene a public hearing ... on ... May 21" to consider a proposed zoning ordinance and zoning map. R.R. at 263a. Varaly did not mention that the Supervisors had already established the Planning Commission in October 2008 and appointed its members in November 2008. In the alternative, Gladstone argued that if the planning commission was, in fact, created by Ordinance No. 10 of 2008, that ordinance

2. On June 9, 2009, Gladstone also filed a zoning permit application with the Schuylkill County Zoning Hearing Board, alleging that the proposed zoning ordinance constitutes spot zoning. The County Zoning Hearing Board returned the application and the permit fee to Gladstone without acting on the application.

3. A "planning agency" is "a planning commission, planning department, or a planning committee of the governing body." Section 107(a) of the MPC, 53 P.S. § 10107(a).

4. A "public hearing" is defined as "a formal meeting held pursuant to public notice by the governing body or planning agency, intended to inform and obtain public comment, prior to taking action...." Section 107(a) of the MPC.

was enacted without the required public notice and was therefore void *ab initio.*

After review of exhibits and briefs submitted by the parties, the trial court denied Gladstone's appeal. The court concluded that Gladstone's challenge to Ordinance No. 10 of 2008 was time-barred under Section 5571.1 of the Judicial Code and that the Township's October 14, 2008 public notice of the Supervisors' October 20 meeting substantially complied with the 7–day time limitation in Section 610(a) of the MPC, 53 P.S. § 10610(a). The court rejected Gladstone's assertions that a planning commission did not exist until May 4, 2009 and did not prepare the proposed zoning ordinance and zoning map. The court noted that Varaly's statement in his April 22, 2009 memorandum had no legal significance. The court found that the Township complied with the 45–day time limitation in Section 607(e) of the MPC for submitting the proposed zoning ordinance and zoning map to the County Planning Commission. Gladstone's appeal to this Court followed.

## II.

On July 4, 2008, the Legislature enacted Section 5571.1 of the Judicial Code, which applies to "any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance, resolution, map or similar action of a political subdivision." Section 5571.1(a)(1). An appeal raising procedural defects must be filed "within 30 days of the intended effective date of the ordinance." [5] Section 5571.1(b)(1). The 30–day appeal period applies "regardless of the ultimate validity of the challenged ordinance." Section 5571.1(b)(2). An appeal

is exempt from the 30–day appeal period if an appellant "establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the [30–day] time limitation ... would result in an impermissible deprivation of constitutional rights." Section 5571.1(c). Section 11002–A(a) was also added to the MPC to provide, *inter alia,* that "except in cases in which an unconstitutional deprivation of due process would result from its application, the 30–day limitation ... should be applied in all appeals from decisions."

Section 5571.1(d)(1) of the Judicial Code further provides that an ordinance "shall be presumed to be valid and to have been enacted or adopted in strict compliance with statutory procedure." An ordinance "shall not be found void from inception unless the party alleging the defect in statutory procedure meets the burden of proving the elements set forth in subsection (e)." Section 5571.1(d)(3). Section 5571.1(e) then sets forth the multi-tiered burden of proof as follows:

Notwithstanding any other provision of law, an ordinance shall not be found void from inception except as follows:

(1) In the case of an appeal brought within the 30–day time limitation ..., the party alleging the defect must meet the burden of proving that there was *a failure to strictly comply with statutory procedure.*

(2) In the case of an appeal which is exempt from the 30–day time limitation in accordance with subsection (c), the party alleging the defect must meet the burden of proving *each of the following:*

(i) That there was *a failure to strictly comply with statutory procedure.*

---

**5.** Section 5571.1(g) of the Judicial Code defines the term "intended effective date" as "[n]otwithstanding the validity of the chal-

lenged ordinance, the effective date specified in the challenged ordinance...."

(iii) That there was *a failure to substantially comply with statutory procedure which resulted in insufficient notification to the public of impending changes in or the existence of the ordinance, so that the public would be prevented from commenting on those changes and intervening, if necessary, or from having knowledge of the existence of the ordinance.* [Emphasis added.] [6]

Section 5571.1 of the Judicial Code embodies the legislative intent to promote the finality of enactment of ordinances. *Messina v. E. Penn Twp.,* 995 A.2d 517 (Pa.Cmwlth.2010), *appeal granted,* 607 Pa. 623, 9 A.3d 1136 (2010).

### III.

We will first address Gladstone's argument that the trial court erred in concluding that its validity challenge to Ordinance No. 10 of 2008 was time-barred under Section 5571.1(c) of the Judicial Code and Section 11002–A(a) of the MPC. Gladstone challenged the validity of Ordinance No. 10 of 2008 in the appeal filed on July 15, 2009, more than 30 days after its October 25, 2008 effective date. Therefore, Gladstone was required to establish that the application of the 30–day appeal period would impermissibly deprive it of constitutional rights due to the particular nature of the alleged defects in the procedure taken by the Township to enact the ordinance.

Gladstone argues that its validity challenge should be exempt from the 30–day appeal period because the Township published the October 14, 2008 notice only

once and less than 7 days from the Supervisors' October 20 public meeting, in violation of Section 107(a) of the MPC, 53 P.S. § 10107(a), which defines a "public notice" as follows:

[N]otice published *once each week for two successive weeks* in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days and *the second publication shall not be less than seven days from the date of the hearing.* [Emphasis added.]

This definition of "public notice" applies "when used in the [MPC] ... unless the context clearly indicates otherwise." *Id. See also W. Penn Allegheny Health Sys. v. Med. Care Availability & Reduction of Error Fund (MCARE),* 11 A.3d 598 (Pa. Cmwlth.2010) (stating that provisions of a statute must be construed with reference to the context in which they appear).

■ The term "public notice" in Article VI (zoning), Section 607(b) of the MPC applies to a notice of the planning commission's public meeting held "[i]n preparing *a proposed zoning ordinance.*" (Emphasis added.) Section 610(a) of the MPC, 53 P.S. § 10610(a), cited by Gladstone and the trial court, provides:

*Proposed zoning ordinances and amendments* shall not be enacted unless notice of proposed enactment is given in the manner set forth in this section. . . . The governing body shall publish the

---

6. Under the doctrine of void *ab initio,* a statute or an ordinance held to be unconstitutional is void in its entirety and inoperative as if it had no existence from the time of its enactment. *Glen–Gery Corp. v. Zoning Hearing Bd. of Dover Twp.,* 589 Pa. 135, 907 A.2d 1033 (2006). In *Glen–Gery,* decided before the enactment of Section 5571.1 of the Judicial

Code, the Court held that a challenge to the procedure utilized to enact a statute or an ordinance cannot be dismissed summarily as time-barred "because, if the procedural defect implicating constitutional due process concerns such as notice were proven, it would render the statute void *ab initio." Id.* at 155, 907 A.2d at 1045.

proposed ordinance or amendment once in one newspaper of general circulation in the municipality not more than 60 days nor less than 7 days prior to passage." [Emphasis added.]

Under their express language and the context, in which they appear, the definition in Section 107(a) of the MPC, Section 607(b) of the MPC, and the notice requirement in Section 610(a) of the MPC apply to a public notice of proposed zoning ordinances and amendments, not to a public notice of a proposed ordinance creating a planning commission.

As a second class township, the Township is subject to the provisions of The Second Class Township Code (Township Code), Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65101–68701. The Township Code "shall furnish a complete and exclusive system for the government and regulation of townships except as to the several matters enumerated in subsection (a) [Section 103(a), 53 P.S. § 65103(a) ]." Section 103(b) of the Township Code. Section 103(a)(11) and (12) provides that the Township Code "does not repeal any acts relating to ... "[p]lanning and land use" and "[p]ublic meetings." Because the MPC does not contain any provision applicable to a public notice of a proposed ordinance creating a planning commission, however, the Township was required to comply with the general public notice provision of the Township Code.

Section 1601(a) of the Township Code, 53 P.S. § 66601(a), provides in relevant part:

> *All proposed ordinances,* whether original, amended, repealed, revised, consolidated or codified, shall be published not more than sixty days *nor less than seven days* before passage *at least once* in one newspaper circulating generally in the township. Public notices shall include either the full text or a brief summary of

the proposed ordinance which lists the provisions in reasonable detail and a reference to a place within the township where copies of the proposed ordinance may be examined. [Emphasis added.]

■ The Township published the proposed ordinance creating the Planning Commission once on October 14, 2008 in the newspaper of general circulation, complying with Section 1601(a) of the Township Code. To determine whether the Township complied with the 7–day time limitation in Section 1601(a), a time period is computed, excluding the first day and including the last day. Section 1908 of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1908; *Steven Kulovits Trucking v. Workmen's Comp. Appeal Bd.,* 16 Pa. Cmwlth. 417, 332 A.2d 892 (1975). When the time period in question is so computed, the Township published the notice within six days of the enactment of the ordinance on October 20, 2008. The Township's mere failure to strictly comply with the 7–day time limitation in this matter, however, cannot support an exemption of Gladstone's appeal from the 30–day appeal period under Section 5571.1(c) of the Judicial Code and Section 11002–A(a) of the MPC.

The purpose of the public notice requirements is "to ensure the public's right to participate in the consideration and enactment of municipal land use decisions." *In re McGlynn,* 974 A.2d 525, 532 (Pa. Cmwlth.2009). Such requirements also "protect procedural due process." *Id.* Due process is "a 'flexible [concept] and calls for such procedural protections as the particular situation demands.'" *In re Merlo,* — Pa. ——, ——, 17 A.3d 869, 872 (2011) [quoting *Morrissey v. Brewer* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) ]. In assessing whether procedural due process rights have been denied, "[d]emonstrable prejudice is a key factor." *In re McGlynn,* 974 A.2d at 532.

■ This Court has held that a municipality's mere failure to strictly comply with the time limitation in a statute does not implicate a deprivation of constitutional due process rights. *See, e.g., Nockamixon Twp. v. Nockamixon Twp. Zoning Hearing Bd.,* 8 A.3d 434 (Pa.Cmwlth.2010) (concluding that the township's failure to comply with the 15–day time limitation for providing public notices of the proposed ordinances did not implicate a violation of constitutional rights); *Geryville Materials, Inc. v. Lower Milford Twp. Zoning Hearing Bd.,* 972 A.2d 136 (Pa.Cmwlth.2009) (the zoning hearing board's mailing of a decision one week after the decision, in violation of Section 908(10) of the MPC, 53 P.S. § 10908(10), which requires a decision to be delivered personally or mailed to the applicant not later than one day after the decision, did not rise to the level of a constitutional violation).

Moreover, the record fails to demonstrate that Gladstone suffered prejudice as a result of the Township's failure to strictly comply with the 7–day time limitation in Section 1601(a) of the Township Code. The publication of the proposed ordinance six days before the Supervisors' October 20, 2008 meeting substantially complied with the 7–day time limitation, and otherwise met the statutory requirements. The October 14, 2008 public notice described the proposed ordinance as:

> An ordinance signifying the intention and desire of the … Supervisors … to create and establish a planning commission under the provisions of [the MPC] for the purpose of preparing and maintaining a plan for the coordinated development of East Union Township based

on physical, social, economic and governmental conditions and trends, and to promote for and protect the general welfare and prosperity of its residents.

Exhibit 11; R.R. at 221a. The notice also informed the public that copies of the proposed ordinance were available for inspection at the Supervisors' office and the Township municipal building. *Id.* Section 4(B) of the proposed ordinance authorized the Planning Commission to "[p]repare and present to the Board of Supervisors a zoning ordinance, and make recommendations to the Board of Supervisors on proposed amendments to it." R.R. at 216a. Section 1601(a) of the Township Code does not further require individual notice of the proposed ordinance to property owners. Gladstone's alleged lack of knowledge that the Planning Commission would prepare a zoning ordinance is therefore irrelevant in deciding the Township's compliance with the public notice requirement. Gladstone failed to establish that the Township's failure to comply with the 7–day time limitation resulted in "an impermissible deprivation of constitutional rights" under Section 5571.1(c) of the Judicial Code. Hence, Gladstone's appeal from Ordinance No. 10 of 2008 was not exempt from the 30–day limitation and thus was time-barred.[7]

## IV.

Asserting that it "appears" that there existed two separate planning commissions, Gladstone further argues that the Zoning Ordinance is void because more than one planning agency participated in its enactment, in violation of Section 607(a), (b) and (c) of the MPC. Gladstone's

---

**7.** We also note that to establish the invalidity of the ordinance *ab initio,* Gladstone was required to prove that the Township's failure to *substantially* comply with the statutory procedure resulted in insufficient notification of the impending enactment of the ordinance to the public. Section 5571.1(e)(2)(ii) of the Judicial Code. Because the Township substantially complied with the statutory procedure, Gladstone could not establish the invalidity of the ordinance, even if the challenge to Ordinance No. 10 of 2008 was not time-barred.

Brief at 13 and 14. According to Gladstone, "neither planning commission prepared the ordinance, or alternatively, one planning commission prepared the ordinance and another held a public hearing on, approved and presented its zoning ordinance and map" to the Supervisors. *Id.* at 20.[8] The validity of the zoning ordinance is a question of law subject to our plenary review. *Hawk v. Eldred Twp. Bd. of Supervisors*, 983 A.2d 216 (Pa.Cmwlth. 2009), *appeal denied*, 608 Pa. 671, 13 A.3d 481 (2010).

Gladstone timely challenged the validity of the Zoning Ordinance within 30 days of its June 16, 2009 effective date. Therefore, in order to rebut the presumption of the validity of the Zoning Ordinance, Gladstone had the burden of proving that the enactment failed to strictly comply with the required statutory procedure. Section 5571.1(e)(1) of the Judicial Code.

Contrary to Gladstone's assertion, Varaly's statement in his April 22, 2009 memorandum does not establish the existence of two planning commissions. Beginning December 2, 2008, Varaly discussed the proposed zoning ordinance and zoning map with the Supervisors and the Planning Commission established in October 2008. The same three members appointed by the Supervisors in November 2008 held a public meeting on May 21, 2009 and recommended the adoption of the proposed zoning ordinance and zoning map. In his June 9, 2009 memorandum sent to the Township Zoning Hearing Board, Varaly stated that at a June 11 special meeting, the Supervisors would consider the enactment of the proposed zoning ordinance, which they had been "working on with the Planning Commission since last October." R.R. at 271a. Nothing in the record suggests that the Supervisors held a hearing on May 4, 2009 or enacted another ordinance to create a second planning commission, as Gladstone asserted. Gladstone's argument that more than one planning commission was involved in the enactment of the Zoning Ordinance simply is not supported by the record.

### V.

■ Gladstone further challenges the validity of the Zoning Ordinance on the basis that it was not enacted in compliance with Section 607(e) of the MPC, which requires the governing body of the municipality to "submit" the proposed zoning ordinance to the county planning commission for recommendations "at least 45 days" prior to the governing body's public meeting. Compliance with Section 607(e) of the MPC is mandatory. *Kohr v. Lower Windsor Twp. Bd. of Supervisors*, 867 A.2d 755 (Pa.Cmwlth.2005).

On April 27, 2009, Varaly sent the final working draft of the proposed zoning ordinance and zoning map to the Schuylkill County's planning director by certified mail. R.R. at 381a. In a letter dated May 21, 2009, the County Planning Commission

---

**8.** The Township argues that Gladstone waived the argument that two planning commissions were involved in the enactment of the Zoning Ordinance due to its failure to raise it before the trial court. Before the trial court, Gladstone asserted that the Supervisors established one planning commission on October 20, 2008 to prepare and maintain a plan for coordinated development of the Township and another planning commission on May 4, 2009 to prepare and recommend a proposed zoning ordinance and zoning map. The trial court construed Gladstone's assertion as an argument that there must be a separate planning commission to prepare and recommend a zoning ordinance and a zoning map. Although Gladstone's argument was unclear and confusing, we do not find that Gladstone waived its argument that more than one planning commission was involved in the enactment of the Zoning Ordinance.

informed Varaly that it "reviewed without comment." R.R. at 437a. The Supervisors thereafter adopted the Zoning Ordinance at the June 11 public meeting. When this time period is computed excluding the first day and including the last day, the Township strictly complied with the 45–day time limitation in Section 607(e) of the MPC. Nonetheless, Gladstone argues that the County Planning Commission should have *received* the proposed zoning ordinance and zoning map within the 45–day period in Section 607(e) and that the County Planning Commission "could not possibly have received it the same day it was mailed" by the Township on April 27, 2009. Gladstone's Brief at 20. We disagree.

As Gladstone acknowledges, the undefined word "submit" in Section 607(e) must be construed according to its common and approved usage. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1903(a); *Adams Outdoor Adver., LP. v. Zoning Hearing Bd. of Smithfield Twp.,* 909 A.2d 469 (Pa.Cmwlth.2006). The meaning of the word "submit" includes *"to send ...* for consideration, study, or decision: REFER." Webster's Third New International Dictionary 2277 (2002) (emphasis added). The words "submit," "send" and "mail" are used interchangeably. *See, e.g.,* Section 311.1(d) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 6 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 631.1(d) (the insurer may "submit" a verification form to the employee "either by mail or in person"); *Lemon v. Workers' Comp. Appeal Bd. (Mercy Nursing Connections),* 742 A.2d 223, 227 (Pa.Cmwlth.1999) (holding that under 34 Pa.Code § 121.13, requiring a notice of compensation denial to be "sent" to the employee or dependent, the employer "has not 'submitted' a Notice of Compensation Denial until it has mailed—or otherwise dispatched—the LIBC–496 Form to the claimant"). We conclude that the ordinance and map were "submitted" to the Planning Commission when they were sent by certified mail on April 27.

Accordingly, the trial court's order is affirmed.

### ORDER

AND NOW, this 21st day of July 2011, the order of the Court of Common Pleas of Schuylkill County in the above-captioned matter is AFFIRMED.