**Newman v. Borough of East Stroudsburg**

384

*Kevin P. McAliney*, for appellants.

*Robert J. Kidwell* and *John C. Prevoznik*, for appellee.

HIGGINS, *J.*, May 7, 2014—Eagle Valley Realty, L.P. ("Eagle Valley") owns a property located on Business Route 209, in East Stroudsburg Borough, Monroe County, Pennsylvania. Eagle Valley submitted an application for a conditional use permit to allow for the expansion a building located on its 209 property for its use as a kidney dialysis center. Public notice of the conditional use hearing date was duly advertised in the Pocono Record on July 10, 2013 and July 17, 2013. Eagle Valley presented evidence before appellee, the Borough of East Stroudsburg ("Borough") on July 25, 2013, August 29, 2013, September 3, 2013, and September 17, 2013. On September 17, 2013, the Borough agreed to grant the conditional use application on the condition, inter alia, that Eagle Valley install a locked gate between Route 209 and the intersection of Pa. Route 447 and Sterling Road ("interconnected driveway"). On October 15, 2013, appellants Samuel W. Newman and Charles Cahn, co-executors of the Estate of Lester G. Abeloff, deceased, and RJS Pacific Associates (collectively "appellants") filed a notice of appeal[1]. Appellants seek to vacate and strike paragraphs 4(a) and 4(b) from the Borough's conditional use order

---

1. On December 18, 2013, Vincent J. Trapasso and Charlie Lynn Trapasso, his wife, filed a petition to substitute transferees as appellants or in the alternative petition to intervene in this matter. By order dated May 7, 2014, we granted the Trapassos petition and substituted the Trapassos as appellants in this matter.

because the installation of a locked gate interferes with appellants use of the interconnected driveway. Appellants contend that they and their predecessors in title have a right to use the interconnected driveway by adverse possession. Appellants also contend that they were denied the fundamental right of the process rights of prior notice and an opportunity to be heard at the Borough hearings. On November 18, 2013, Eagle Valley filed a motion to quash appeal for lack of standing or in the alternative to require appellants to post bond. Thereafter, on December 23, 2013 the Borough filed an answer and joinder to Eagle Valley's motion to quash appeal for lack of standing or in the alternative to require appellants to post bond. On December 23, 2013 appellants filed a praecipe requesting oral argument in this matter. We heard oral argument from the parties on February 3, 2014, and we are now prepared to dispose of the issue.

2 Pa. C.S. §752 provides that "[a]ny person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42." Our appellate courts have held that "[r]egardless of whether an individual is a 'person aggrieved,' that person must nevertheless appear or at least raise some objection before the board in order to have standing to advance an objection on appeal." *Miravich v. Township of Exeter*, 6 A.3d 1076, 1078 (Pa. Cmwlth. 2010) (citation omitted).

Instantly, appellants failed to appear before the board to establish standing to oppose the conditional use application or to challenge the conditional use approval. The Commonwealth Court of Pennsylvania held that "[a]bsent evidence to support a claim the objectors were

aggrieved by the adjudication or had a direct interest in it, no basis existed for a finding that the objectors had standing to appeal. *Capital BlueCross v. Pennsylvania Insurance Dept.*, 937 A.2d 552, 590 (Pa. Cmwlth. 2007) (citation omitted). Moreover, '[e]ven if the objectors might otherwise have had standing, they failed to seize the moment by presenting evidence at the public hearing." *Id*, citing *Nernberg v. City of Pittsburg*, 620 A.2d 692 (Pa. Cmwlth. 1993). Since appellants have failed to appear before the board or at least raise some objection before the board, they lack standing to appeal[2]. Furthermore, we note that appellants only allege an interest in the interconnected driveway. They have not demonstrated that they maintain a recorded property interest in the interconnected driveway. There is no evidence in the record that appellants have an ownership interest in the interconnected driveway. Accordingly, we cannot say that appellants have a direct interest in this matter.

Nevertheless, appellants allege that they maintain an interest in the adjudication by virtue of the adverse possession interest in the interconnected driveway. In furtherance of this argument, appellants allege that they failed to receive prior notice and therefore they were denied an opportunity to be heard. Appellants request that we receive additional evidence to preserve their due process rights.

The Municipalities Planning Code ("MPC") defined public notice as:

notice published once each week for two successive

---

2. Protestants are not automatically entitled to part status even when they appeared before the board. *Pessolano v. Zoning Board of Adjustment of City of Pittsburg*, 632 A.2d 1090 (Pa. Cmwlth. 1993).

weeks in a newspaper of general circulation in the municipality. Such notice shall state the time and place of the hearing and the particular nature of the matter to be considered at the hearing. The first publication shall not be more than 30 days and the second publication shall not be less than seven days from the date of the hearing.

53 P.S. §101074(a). "The purpose of the public notice requirements is 'to ensure the public's right to participate in consideration and enactment of municipal land use decisions.'" *Gladstone Partners, L.P. v. East Union Township*, 26 A.3d 542, 549 (Pa. Cmwlth. 2011) (citation omitted). These requirements "protect procedural due process." *Id.* "Due process is 'a flexible [concept] and calls for such procedural protections as the particular situation demands.'" *Id*, citing *In Re Merlo*, 609 Pa. 598, 604, 17 A.3d 869, 872 (Pa. Cmwlth. 2011). Demonstrable prejudice is a key factor in assessing whether procedural due process was denied. *In Re McGlynn*, 974 A.2d 525, 532 (Pa. Cmwlth. 2009).

Appellants contend that they were deprived the opportunity to be heard since the public notice did not indicate that the conditional use application concerned their continued use and enjoyment of the interconnected driveway. The notice for the public hearings was published in the Pocono Record on July 10, 2013 and July 17, 2013. This notice indicated that a public hearing would be held on July 25, 2013, on the conditional use application for an addition to the building located at 166 Sterling Lane, East Stroudsburg, Pennsylvania. This was in accordance with the requirements of the MPC. Although appellants argue that they were deprived due process, notice was provided pursuant to the requirements of the MPC. This

notice specifically identified the former Blockbuster Video building in the shopping center where the interconnected driveway is located. Appellants received all process due and asserted no claim of prejudice or harm resulting from any defect in publication. In short, appellants have failed to demonstrate that their due process rights were denied. Hence, we find that appellants were not denied the opportunity to be heard before the board; appellants failed to take the opportunity to be heard after proper public notice was provided. Moreover, it is within the sound discretion of the trial court to refuse to take additional evidence. *Board of Supervisors of East Rockhill Twp. v. Mager*, 855 A.2d 917, 920 (Pa. Cmwlth. 2004). Under the circumstances present in this case, we will not receive additional evidence. Accordingly, we believe that appellants' appeal should be quashed and we enter the following order.

## ORDER

And now, this 7th day of May, 2014, the appeal of appellants is quashed.